IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3300-FL

| | |
|---|---|
| WILFRED GARCIA, | )
|       Plaintiff, | ) |
| v. | )    ORDER |
| DR. ZOLA, DR. ALBO, DR. WEGENER, DR. FAHRNER, BRANDON WYCHE, SUSAN BRANTLEY, JOHN MEHANNA, and C. DUCHESNE, | ) |
|       Defendants. | ) |

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915.

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil

Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff's cause of action relates to medical care he received while he was incarcerated at the Federal Medical Center in Butner, North Carolina ("Butner"). Plaintiff names as defendants several physicians employed by the Granville Medical Center which include: Dr. Zola, Dr. Albo, Dr. Wegener, and Dr. Fahrner. Plaintiff also names as defendants Brandon Wyche, Susan Brantley, John Mehanna, and Dr. C. Duchesne. Plaintiff's complaint in its entirety states as follows:

> Prior to incarceration I was diagnosed with tumors (Angiolipoma) in both kidneys. Because I was undergoing treatment for chronic meloid leukemia, (CML) the tumors were not removed but merely monitored for growth or any increase in size utilizing CT scans. Then while I was incarcerated at Butner FMC, I was examined again utilizing a CT Scan. The CT Scan of course noted a very large tumor and two small tumors in the left kidney with a small tumor in the right kidney. There was also a test done to determine if my CML had returned. I then reported to Medical with severe abdominal pain, and groin pain. I was then transported to the local Hospital, Granville Community Hospital, and not being aware of my condition, and the fact that I had lived with the tumors and had perfectly functioning kidneys, made a determination that I should undergo a Nephrectomy or kidney removal surgery. In an attempt to justify their actions in removing my kidney, they stated that the tumors were NOT removed earlier because I was undergoing treatment for CML. I was transferred to Butner because I suffered from CML. I assert that based upon my medical history, I should have been examined for the recurrence of CML. Instead, I was examined for the tumors in my kidneys which were NOT causing me problems at all and were not interfering with my kidney functions. It should be noted as well that two working, functioning kidneys, is the suggestion of any Oncologist for a patient undergoing treatment for Leukemia. On September 13, 2013 I was placed in Granville Community Hospital and my kidney was erroneously removed. After my kidney was erroneously removed, and Hospital protocol was violated, as the

2

> kidney was not examined, I returned to Medical with the same problems. Abdominal and groin pain. In other words, the removal of my working kidney had no effect on the groin and abdominal pain. This time . . . . I WAS examined for CML and it had recurred and again I had to undergo treatment. This time . . . without one of my kidneys. I assert that this is malpractice, negligence, delay of proper medical care, denial of proper medical care, deliberate indifference to my serious medical needs and wanton infliction of cruel and unusual punishment in violation of the 8th amendment. These all occurred while I was in care, custody and control of the Federal Bureau of Prisons. . . . .

(Compl. ¶ 5). Plaintiff attached to his complaint his post-nephrectomy discharge summary from the Granville Medical Center and several administrative remedy-related documents. (Compl. Attach.).

Based upon the above allegations, plaintiff contends that defendants violated his rights pursuant to the Eighth Amendment to the United States Constitution. The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (1996). "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotation omitted). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was *objectively* sufficiently serious "–and the second prong is subjective–the prisoner must show that "subjectively the officials act[ed] with a sufficiently culpable state of mind." See Strickler, 989 F.2d at 1379 (internal quotations omitted).

Deliberate indifference "sets a particularly high bar to recovery." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). "In order to establish a claim of deliberate indifference to a medical need, the need must be both apparent and serious, and the denial must be both deliberate and without

3

legitimate penological objective." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). "[D]eliberate indifference entails something more than negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). An inmate is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318-19 (4th Cir. 1975) (per curiam). Likewise, mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998).

In his complaint, plaintiff acknowledges that he received medical treatment for his complaints of abdominal pain. In fact, plaintiff was sent to Granville Medical Center Emergency Department ("Granville") in response to complaints of "severe" abdominal pain. (Compl. ¶ V and Attach.). After a CT scan of plaintiff's abdomen and pelvis revealed a large tumor in plaintiff's left kidney, medical staff at Granville determined, with consideration of plaintiff's medical history, that the best course of treatment was removal of plaintiff's kidney. (Id. Attach.). Plaintiff's disagreement with the form of medical treatment he received is not actionable pursuant to 42 U.S.C. § 1983. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). To the extent plaintiff alleges a claim for negligence, such claim also is not actionable pursuant to § 1983. See Estelle, 429 U.S. at 105-106; Coleman v. Poff, 497 F. App'x 337, 338 (4th Cir. 2012) ("[N]egligence or medical malpractice

4

is insufficient to establish deliberate indifference . . . ."). Based upon the foregoing, plaintiff's Eighth Amendment action is DISMISSED without prejudice. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 24th day of May, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge